CAMPBELL, et al v. CITY OF MIAMI, et al.

Circuit Court, Dade County.

September 14, 1955.

Sibley & Davis, Miami Beach, and Ferrell & Young, Miami, for plaintiffs.

J. W. Watson, Jr., city attorney, and Olavi M. Hendrickson, assistant city attorney, for defendants.

VINCENT C. GIBLIN, Circuit Judge.

The plaintiffs are detective officers in the division of police of the department of public safety of the defendant city and, as such officers, are in the classified civil service of the municipality. On July 6, 1955 the civil service board adopted, and the city commission, by ordinance, approved, a civil service rule which provides for the elimination from the division of police of the existing detective classification. Presently there are in the police division two general classifications—the uniformed section and the "plainclothes" section—and a different character of civil service examination is required for advancement in the detective section than in the uniformed section. It was sought, by the adoption and approval of the new rule, to empower the chief of police to assign detectives to perform the duties now performed by uniformed policemen and to assign the latter to render the services now rendered by detectives, despite the different tests as to fitness, training and experience to which the members of the two classifications have been subjected in achieving promotions under the civil service rules.

The plaintiffs seek a decree by which the effectuation and enforcement of the ordinance shall be enjoined, challenging the rule and ordinance on three grounds. They contend, firstly, that the adoption of the new rule by the civil service board and the

approval of the rule by the city commission were violative of civil service rule 21 by which it is provided that "these rules may be amended, repealed, or supplemented by the board at any time, and new rules adopted, *provided that no such amendment, repeal, or supplement, shall be adopted in less than fifteen days after its proposal,* and that it shall not become operative until approved by the city commission." The plaintiffs contend, secondly, that the challenged change in the rules is unreasonable and arbitrary and that it would deprive them of, or impair, their property rights, in the offices they now hold because the new rule sanctions their transfer into positions for which they have not been trained and in which they have had no experience; and they contend, thirdly, that the action of the civil service board in adopting the new rule was wrongfully coerced by the city commission.

The first of the stated contentions must be, and is, sustained. The new rule was proposed July 6, 1955, and it was adopted and approved the same day. This precipitate action was clearly violative of the quoted requirement that not less than fifteen days elapse after a rule is proposed before it is adopted. The evident purpose of the requirement was to preclude hasty and ill-considered action.

I am inclined to the view that by an appropriate rule, regularly adopted and approved, an elimination of the detective classification can be legally accomplished; but it is also my opinion that the power to make such a change must be exercised with caution and care so that the vested rights of the officers in the class shall not be illegally destroyed or impaired. It is unnecessary, however, because of my sustaining the plaintiffs' first contention, for me to decide whether the challenged rule, if again proposed, adopted and approved, would effect a legal elimination of the detective classification. For the same reason, it is not necessary for me to consider the third contention.

I think that Judge Cannon's injunctive order of July 7, 1955 (entered July 8, 1955, in chancery order book 1192, at page 578) was correct; and the injunction is made absolute and permanent.